UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MATTHEW GREEN,

             Plaintiff,

    -against-

THE CITY OF NEW YORK, DET. HECTOR
SALAS and P.O.s "JOHN DOE" #1-5 (said names
being fictitious, as the true names are presently
unknown), Individually and in their Official
Capacities.

             Defendants.
-------------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiff, Matthew Green ("Plaintiff"), by his attorney, K. E. Richman,

complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of defendants

THE CITY OF NEW YORK, DET. HECTOR SALAS and P.O.s "JOHN DOE" #1-5

(said names being fictitious, as the true names are presently unknown)("Defendants"), as

Officers of the New York City Police Department, all acting under color of state law and

pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by

said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth,

Eighth and Fourteenth Amendments to the United States Constitution.

1

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times relevant hereto, Plaintiff, Matthew Green, was and is a resident of Bronx, NY and was a 28 year-old male at the time of the incident.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, Defendants HECTOR SALAS and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are

2

and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12. On March 2, 2009, at approximately 8:00 PM at 2285 Davidson Avenue, Bronx, NY 10468, Plaintiff, Matthew Green, was exiting his apartment building and came upon a number of officers outside the building, one of which had his gun drawn.

13. The officers instructed Plaintiff to freeze and place his hands up against the wall. As Plaintiff was up against the wall he was struck in the head by an officer, incurring serious physical injury to his scalp.

14. Immediately after sustaining the head injury, Plaintiff fell face down on the ground. While Plaintiff was bleeding from his scalp, the officers handcuffed him and immediately dragged him inside to the second floor of his apartment building where the officers searched his person. The officers retrieved keys from Plaintiff's pocket, and proceeded to the third floor where he and his family resided.

3

15. Using the keys retrieved from Plaintiff's pocket, the officers entered his family's apartment without consent or a search warrant and ransacked the contents therein. Plaintiff's uncle and elderly grandmother were inside the apartment at the time.

16. Following Plaintiff's arrest he was escorted to the hospital and forced to ingest a certain liquid for purposes of scanning his body for any drugs he was suspected of possessing within the cavity of his body.

17. The officers did not locate any drugs within his system, nor recover any from his person or home.

18. While at the hospital, Plaintiff received treatment for his head injury that required five to seven staples to mend the open wound.

19. On March 1, 2010, Plaintiff pled to a non-criminal disposition of Penal Law Section 240.26 before the Honorable Mogulescu in the Supreme Court of the State of New York, Bronx County.

## FIRST CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

20. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

21. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

22. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

4

23. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about his body. Plaintiff also sustained a laceration to the top of his head which required staples.

24. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SECOND CLAIM FOR RELIEF
## DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS:

34.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

35.    By the actions described above, the individual Defendants, being fully aware of the injuries sustained by Plaintiff at the hands of Defendants themselves, and being aware that said injuries required immediate medical attention, willfully and deliberately ignored Plaintiffs medical condition

36.    All of the aforementioned acts of Defendants constituted deliberate indifference to Plaintiffs medical condition in violation of 42 USC § 1983.

## THIRD CLAIM FOR RELIEF
## ASSAULT

37.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

38.    By the actions described above, the individual Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

39.    As a consequence thereof Plaintiff, Matthew Green, has been injured.

5

## FOURTH CLAIM FOR RELIEF
### BATTERY

40.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

41.    By the actions described above, Defendants intentionally caused and allowed Plaintiff to be struck, and subsequently handcuffed, in a harmful and offensive manner.

42.    As a consequence thereof Plaintiff, Matthew Green, has been injured.

## FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

43.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

44.    The acts complained of were committed by P.O. HECTOR SALAS (Shield # 7280) and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown) in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

45.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

46.    The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

6

47. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff Matthew Green.

48. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff Matthew Green, as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff Matthew Green, as alleged herein.

50. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Matthew Green.

51. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

52. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

53. All of the foregoing acts by Defendants deprived Plaintiff Matthew Green, of federally protected rights, including, but not limited to, the right:

7

a. Not to be deprived of liberty without due process of law;

b. To be free from seizure and arrest not based upon probable cause;

c. To be free from unlawful imprisonment;

d. Not to have cruel and unusual punishment imposed upon him; and

e. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:      New York, New York
            June 22, 2010

Respectfully submitted,

K. E. RICHMAN, ESQ.
*Attorney for Plaintiff*
Law Office of K. E. Richman LLP
875 Avenue of the Americas, 18th Floor
New York, NY 10001
(212) 687-8291

8